# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| JOHN REDMOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:17-CV-292-GZS |
| YACHTING SOLUTIONS, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER ON PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

Before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaims (ECF No. 19) pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). After considering the Motion, Defendant's Response (ECF No. 22), and Plaintiff's Reply (ECF No. 28), the Court GRANTS IN PART and DENIES IN PART the Motion.

In his Complaint, Plaintiff John Redmond alleges that he was injured while working for Defendant Yachting Solutions as a Jones Act seaman, see 46 U.S.C. § 30104, and brings claims for negligence, unseaworthiness, and maintenance and cure. (First Am. Compl. (ECF No. 10), PageID #s 42-48.) Of note, Redmond alleges that, as of the date of his Amended Complaint, Defendant has failed to pay Redmond's living expenses or pay the costs arising from his injury. (See First Am. Compl., PageID #s 47-48.) In its Answer to the Amended Complaint, Defendant pleads a multiplicity of affirmative defenses, including that Redmond's injury was a result of a pre-existing medical condition; that he failed to disclose the pre-existing condition when he was hired; that he has abandoned medical treatment; and that he continues to work while alleging that

he is injured. (Answer (ECF No. 13), PageID #s 65-66.) Defendant also brings six counterclaims. Plaintiff moves to dismiss all six.[1]

Defendant's counterclaims based on "Material Misrepresentation" (Count I), "Willful Misconduct and Abandonment of Medical Treatment" (Count III), and "Failure to Disclose" (Count IV) repeat the content of several of Defendant's affirmative defenses. (See Answer, PageID #s 65-66.) This redundancy is understandable considering that Defendant's "counterclaims" are in fact defenses to the maintenance and cure claim. Regarding the material misrepresentation and failure to disclose counterclaims, as the Fifth Circuit explained in the seminal case of McCorpen v. Central Gulf S.S. Corp., an allegation that a seaman is not entitled to maintenance and cure because he concealed his material medical history is a *defense to liability*. 396 F.2d 547, 549 (5th Cir. 1968). More recently, the Fifth Circuit rejected an attempt to transform the "McCorpen defense" into an affirmative cause of action. Boudreaux v. Transocean Deepwater, Inc., 721 F.3d 723, 726-27 (5th Cir. 2013). The First Circuit has "agree[d] with Boudreaux's sound rule" that the McCorpen defense does not constitute an affirmative cause of action. Block Island Fishing, Inc. v. Rogers, 844 F.3d 358, 366 (1st Cir. 2016). Boudreaux and Block Island both considered the question of an employer's avenues for relief when it has already paid maintenance and cure benefits. In this case, given that Defendant has not yet paid any maintenance and cure benefits and thus has not sustained any legally cognizable damages, it seems particularly evident that the misrepresentation and failure to disclose counterclaims are defenses to Plaintiff's recovery and not a basis for any affirmative recovery on Defendant's part.

Regarding the willful misconduct and abandonment of medical treatment counterclaim, Defendant has provided no authority for the proposition that the supporting allegations constitute

---

[1] Defendant has filed a third-party complaint in this matter against its insurer (ECF No. 11), but neither party asserts that this has any effect on the disposition of Plaintiff's Motion.

anything other than a defense to maintenance and cure liability. See Boudreaux, 721 F.3d at 726 ("[I]t has always been the rule that a seaman can lose the right to maintenance and cure through gross misconduct."); Coulter v. Ingram Pipeline, Inc., 511 F.2d 735, 737 (5th Cir. 1975) ("The general rule is well settled that a seaman's right to maintenance and cure is forfeited by a willful rejection of the recommended medical aid."); Atl. Sounding Co. v. Vickers, 782 F. Supp. 2d 280, 286 (S.D. Miss. 2011) ("The [c]ourt also finds and concludes that Vickers' failure to complete the physical therapy protocol prescribed by Dr. Harrison amounts to willful misconduct and precludes any further maintenance and cure beyond what he has already received.") Defendant's citation to a single, non-precedential district court case in another jurisdiction that clearly provides some support for its counterclaims, see Bergeria v. Marine Carriers, Inc., 341 F. Supp. 1153, 1156 (E.D. Pa. 1972), is unconvincing. Defendant's Counterclaim Counts I, III, and IV are therefore DISMISSED.[2]

Defendant's counterclaim for "Abuse of Process" (Count V) also fails to state a claim. The parties appear to agree that this claim is grounded in Maine state law. In Maine, "[t]here are two elements to a claim of abuse of process: (1) the use of process in a manner improper in the regular conduct of the proceeding, and (2) the existence of an ulterior motive." Jennings v. MacLean, 114 A.3d 667, 669 (Me. 2015) (quotation marks omitted). Thus, a party asserting an abuse of process claim must prove both "requisite elements of the cause of action: ulterior motive *and* an act of abuse." Simon v. Navon, 71 F.3d 9, 16 (1st Cir. 1995). Defendant has adequately pleaded that Plaintiff has an ulterior motive, "to wit, retaliation for [Defendant]'s refusal upon plaintiff's request to alter an issued bank letter toward securing a loan." (Answer, PageID # 73.) However,

---

[2] The Court need not, and does not, address Plaintiff's argument that Defendant has failed to plead the misrepresentation counterclaim with sufficient particularity or stated a plausible claim for relief consistent with Ashcroft v. Iqbal, 556 U.S. 662 (2009). (See Pl.'s Mot. to Dismiss (ECF No. 19), PageID #s 86-87.)

3

Defendant has failed to plead an act of abuse; "[f]iling of a lawsuit is a 'regular' use of process, and therefore may not on its own fulfill the requirement of an abusive act, even if the decision to sue was influenced by a wrongful motive, purpose or intent." Simon, 71 F.3d at 16. Defendant's bald protestations to the contrary do not change the fact that the abuse of process counterclaim is based on Plaintiff's filing of the present lawsuit. For this reason, Defendant's Counterclaim Count V is DISMISSED.[3]

Defendant's counterclaim for "Punitive Damages" (Count II) also fails to state a claim. It is well established that punitive damages "do not constitute a separate cause of action, but instead form a *remedy* available for some tortious or otherwise unlawful acts." S. Port Marine, LLC v. Gulf Oil Ltd. P'ship, 234 F.3d 58, 64 (1st Cir. 2000). The Court recognizes that a party may seek punitive damages in an admiralty action where the punitive damages are sought based on a separate, self-sufficient claim. See, e.g., Muratore v. M/S Scotia Prince, 845 F.2d 347, 354 (1st Cir. 1988) ("[P]unitive damages may be awarded *in maritime tort actions* where defendant's actions were intentional, deliberate or so wanton and reckless as to demonstrate a conscious disregard of the rights of others.") (emphasis added). Defendant, however, has provided no authority for the proposition that a claim for punitive damages may be a free-standing cause of action in admiralty. Because Defendant's other counterclaims fail, the punitive damages claim must fail, too.[4] For this reason, Defendant's Counterclaim Count II is DISMISSED.

---

[3] Defendant does not plead that Plaintiff's alleged failure "to effectively prosecute and pursue benefits to which he was and is entitled under the Maine Worker's Compensation Statute" constitutes a use or abuse of "process." (See Answer (ECF No. 13), PageID # 73.)

[4] Although the Court declines to dismiss Defendant's counterclaim for declaratory relief, as discussed below, the parties do not contend, and the Court is aware of no authority for the proposition, that a request for declaratory relief concerning a party's non-liability on its own would support a separate claim for punitive damages untethered to any other substantive claim.

Finally, Defendant has brought a counterclaim for a Declaratory Judgment (Count VI) that "[Defendant] was not an employer as defined by the Jones Act . . .; [that] Redmond was not a Jones Act seaman on the date of his injury; [that Defendant] has no obligation to pay Redmond maintenance and cure benefits; [and for] [a]ny other such . . . relief as in law and justice [Defendant] may be entitled to receive." (Answer, PageID # 74.) Plaintiff has moved for dismissal of this counterclaim pursuant to Federal Rule of Civil Procedure 12(f) on the basis that the counterclaim for declaratory relief is redundant with Redmond's claims. (Pl.'s Mot. to Dismiss (ECF No. 19), PageID #s 91-92); see Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") Motions to strike pleadings under Rule 12(f) are disfavored. Howell v. Advantage Payroll Servs., Inc., No. 2:16-CV-438-NT, 2017 WL 782881, at *8 n.7 (D. Me. Feb. 28, 2017). Further, although this Court has discretion to dismiss a duplicative claim for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), see Zajac, LLC v. Walker Indus., No. 2:15-CV-507-GZS, 2016 WL 3962830, at *7 (D. Me. July 21, 2016), the Court agrees with Defendant that it is premature, at this early stage of the litigation, to conclude that resolving Plaintiff's claims will necessarily resolve the issues outlined in Defendant's claim for declaratory judgment. For this reason, the Court DENIES Plaintiff's Motion as to Counterclaim Count VI.

The Court therefore GRANTS IN PART and DENIES IN PART Plaintiff's Motion. Counterclaim Counts I-V are DISMISSED WITH PREJUDICE. The Court declines to dismiss Counterclaim Count VI.

SO ORDERED.

                          /s/ George Z. Singal
                          United States District Judge

Dated this 27th day of February, 2018.